UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE DAVID R. MANTHEY ESTATE by CLAYTON R. MANTHEY, its Personal Representative, </br></br>    Plaintiff, </br></br> v. </br></br> KRUSE, INC., d/b/a KRUSE INTERNATIONAL d/b/a KRUSE INTERNATIONAL AUTO AUCTION and DEAN V. KRUSE, </br></br>    Defendants. | CAUSE NO. 1:10-CV-51-TS |

**OPINION AND ORDER**

This matter is before the Court on the Motion For Partial Summary Judgment [ECF No. 15] filed by the Plaintiff, the David R. Manthey Estate by Clayton R. Manthey, its Personal Representative (the Estate). The Defendants, Kruse, Inc., d/b/a Kruse International d/b/a Kruse International Auction and Dean V. Kruse have filed a Response to Plaintiffs Motion For Partial Summary Judgment [ECF No. 20] in which Defendants make "no response to Plaintiffs Motion For Partial Summary Judgment." For the reasons stated in this Opinion and Order, the Plaintiff's Motion will be granted.

**LEGAL STANDARD**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A court's role is not to evaluate the weight of the evidence,

to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c), Advisory Committee Notes, 1963 Amendments. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc*., 216 F.3d 596, 598 (7th Cir. 2000).

Pursuant to local rule, the Court is to assume that the facts claimed by the moving party and supported by admissible evidence are admitted to exist without controversy, except to the extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence. N.D. Ind. L.R. 56.1(b).

## STATEMENT OF FACTS

The material, undisputed facts are:

     A.     On September 1, 6, and 7, 2009, the Estate, directly or through its attorney, William A. Smiley, entered into twenty-five Consignment Information and Selling Agreements (collectively the "Agreements") in which Kruse, Inc., agreed, among other things, to auction and sell the Estate's collection of vintage motorcycles that were described within the Agreements.

     B.     As additional consideration and security for placing the motorcycles for auction

with Kruse, Inc., on or about September 1, 2009, Dean V. Kruse delivered to the Estate, through the Estate's attorney, William Smiley, a letter (the "Guaranty Letter") in which Dean V. Kruse personally guaranteed to the Estate that no motorcycle would be released without payment and that he personally guaranteed "the payment of every bike sold and released." (9-1-09 Letter, ECF. No. 15-1 at 29.)

C. Under the terms of the Agreements, Kruse, Inc., agreed to remit the proceeds from the sale of the motorcycles, net of auction fees, to the Estate "within thirty (30) days of the date the Vehicle or item was auctioned off." (Manthey Aff. ¶ 6, Agreement, Additional Provisions ¶5, ECF No. 15-1 at 5.)

D. On or about September 9, 2009, Kruse, Inc. delivered to the Estate a Consignment Fees Due—Sorted By Lot (the "Schedule") for auctions held on September 3 to 8, 2009. This Schedule describes the motorcycles sold by Kruse, Inc. at auction, the total bid amount for each motorcycles, the fees retained by Kruse, Inc. from the sales, and the amount due and owing to the Estate. According to this Schedule, the total net auction proceeds due and owing to the Estate from the sale of the consigned motorcycles is $515,054.00 (the "Net Auction Proceeds").

E. On or about December 16, 2009, Dean V. Kruse executed and delivered a Promissory Note ("Note") to Clayton R. Manthey in which Mr. Kruse agreed to pay Mr. Manthey, both individually and as personal representative of the Estate, $515,054.00. The Note provided that if Mr. Kruse did not pay the $515,054.00 when due, the payee retained a right to declare a default, at which time interest would begin to accrue at 12% per annum, until maturity, with attorney's fees and costs of collection. The promised date of payment was on or before thirty days "from date." (Promissory Note, ECF. No. 15-1 at 32.)

F.  Despite demands from the Estate, Kruse, Inc. has failed and refused, and continues to refuse, to remit to the Estate the Net Auction Proceeds, $515,054.00.

G.  Despite demands from the Estate, Dean V. Kruse has failed and refused, and continues to refuse, to remit to the Estate the sums guaranteed under the Guaranty Letter; that is payment of the sums due from the sale of the Vehicles.

H.  Dean V. Kruse has made no payments to the Estate of the sums promised under the Note.

## DISCUSSION

Counts I, III, and IV of the Complaint are based on written contracts between the Estate and the Defendants—the Agreements, Guaranty Letter, and Note. The Estate argues that the Kruse, Inc. has breached these contracts by failing to remit the Net Auction Proceeds and that Dean V. Kruse is personally liable to the Plaintiff for the Net Auction Proceeds under the terms of the Guaranty. The Defendants contends that Dean V. Kruse is in breach of the Note because he has failed to pay money owing under the Note. Because this Court's jurisdiction is premised on diversity of jurisdiction, the Court turns to Indiana contract law. To be successful on a breach of contract claim under Indiana law, the plaintiff must prove: (1) the existence of a contract; (2) breach by the defendant; and (3) damage or loss to the plaintiff. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind. Ct. App. 2000). The construction of a written contract is generally a question of law, and summary judgment is particularly appropriate because there are no issues of fact. *Kordick v. Merchants Nat'l Bank and Trust Co. of Indianapolis*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986); *see also Automation by Design, Inc. v. Raybestos Prods. Co.*, 463 F.3d 753 (7th Cir. 2006) (stating that the interpretation of an unambiguous contract is a matter of

law that can be resolved on summary judgment) citing *Orthodontic Affiliates, P.C. v. Long*, 841 N.E.2d 219, 222 (Ind. Ct. App. 2006)). Guarantees are governed by the same rules that apply to contracts. *TW Gen. Contracting Servs., Inc. v. First Farmers Bank & Trust*, 904 N.E.2d 1285, 1288 (Ind. Ct. App. 2009).

The Plaintiff has submitted evidence to support each of the elements of breach of contract and the Defendants have failed to set forth specific facts showing there is a genuine issue for trial. Accordingly, the Estate is entitled to judgment in its favor and against Defendant, Kruse, Inc., as a matter of law on Count I of its Complaint, in the amount of $552,863.96. The judgment against Kruse, Inc., consists of a principal balance of $515,054.00 in addition to pre-judgment interest from October 9, 2009, the date when the Net Auction Proceeds were due to Plaintiff pursuant to the terms of the Agreements, at a rate of 8%[1], or $112.67 per diem, for a total amount of prejudgment interest of $37,809.96 as of September 10, 2010.

The Plaintiff is entitled to judgment against Defendant Dean V. Kruse, as a matter of law on Count IV of its Complaint, in the amount of $555,431.89. The judgment against Dean V. Kruse consists of principal of $515,054.00 in addition to pre-judgment interest from January 15, 2010, the due date of the Promissory Note, at a rate of 12%,[2] or $169.00 per diem, for a total amount of prejudgment interest of $40,377.89 as of September 10, 2010.

A guaranty is a conditional promise to answer for a debt or default of another person. *TW Gen. Contracting Servs.*, 904 N.E.2d at 1288. Here, the condition, the failure of Kruse, Inc., to

---

[1] In a case based upon diversity jurisdiction, prejudgment interest is governed by state law. *Leaf Funding, Inc. v. Brogan Pharmaceuticals, Inc.*, 642 F. Supp. 2d 844, 856 (N.D. Ind. 2009). The prejudgment interest rate in Indiana in the absence of an agreement is eight percent. Ind. Code § 24-4.6-1-102.

[2] Eight percent is the amount of prejudgment interest when the parties have not otherwise agreed. Here, the Plaintiff and Dean V. Kruse contractually agreed upon an interest rate of 12% and the Court finds that such rate is applicable to the claim against Dean V. Kruse. *See Leaf Funding,* 642 F. Supp. 2d at 856 (citing cases).

pay the Net Auction Proceeds, or, the payment of every bike sold, has been met. Dean V. Kruse is jointly and severally liable for the judgment against Kruse, Inc., as a matter of law.

## CONCLUSION

For the forgoing reasons, the Plaintiff's Motion for Partial Summary Judgment [ECF No. 15] is GRANTED. Because Count II of the Complaint for unjust enrichment was only pleaded in the alternative to address the situation where the Court did not find an enforceable contract existed between the Estate and the Defendants, it is dismissed. Counts V, VI, and VII of the Complaint remain pending. Any party desiring that a final and appealable judgment be entered on fewer than all claims pursuant to the entry of partial summary judgment must file a motion pursuant to Rule 54(b).

SO ORDERED on September 13, 2010.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT