# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| THE DAVID R. MANTHEY ESTATE by CLAYTON R. MANTHEY, its Personal Representative, Plaintiff, | ) ) ) ) ) |
| v. | ) CAUSE NO. 1:10-CV-51-TS |
| KRUSE, INC., d/b/a KRUSE INTERNATIONAL d/b/a KRUSE INTERNATIONAL AUTO AUCTION and DEAN V. KRUSE, Defendants. | ) ) ) ) ) ) |

## OPINION AND ORDER

On September 13, 2010, the Court granted the Plaintiff's Motion for Partial Summary Judgment on his claims for breach of contract against Defendant Kruse, Inc., d/b/a Kruse International d/b/a Kruse International Auto Auction, and against Defendant Dean V. Kruse as a guarantor and party to a promissory note. However, Count V (Conversion), Count VI (Breach of Trust), and Count VII (Replevin) of the Complaint remained pending. Therefore, the Court did not enter final judgment but directed that any party desiring that a final and appealable judgment be entered on fewer than all claims pursuant to the entry of partial summary judgment file a motion pursuant to Rule 54(b). On October 12, the Plaintiff filed a Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [ECF No. 24]. The Plaintiff argues that there is no just reason for delay because the Defendants did not file a response to his Motion for Partial Summary Judgment, assets may be dissipated hampering the ability to collect on the judgment if it is not finalized, and the specific amounts owed have already been determined. The Defendants did not file a response.

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also McMunn v. Hertz Equipment Rental Corp.*, 791 F.2d 88, 90 (7th Cir. 1986) (explaining that "Rule 54(b) allows an immediate appeal from a judgment that resolves a separate claim, or dispute with a separate party, even though the rest of the litigation is still going on in the district court"). The entry of partial final judgment is permissible when a distinct claim has been fully resolved with respect to all parties. *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that unless the facts were different, the appellate court would have to go over the same ground when the judgment terminating the entire case was appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). If there is a great deal of factual or legal overlap between the counts, they are considered the same claim for Rule 54(b) purposes. *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). A Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). The norm in litigation is "one appeal per case." *Id.*; *Horm v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals").

Although certification is often requested to allow a party to appeal a district court's decision even though it does not finally resolve the litigation, immediate appealability is not the sole consequence of a final judgment. Importantly, it is not the reason the Plaintiff seeks certification in this case. In addition, the Defendants' actions thus far demonstrate that they do not have an interest in challenging the determination of liability, and that an appeal is unlikely to result from any entry of judgment. In response to the Plaintiff's Motion for Partial Summary Judgment, the Defendants did not make any argument in defense of their liability, and there do not appear to be any issues that would warrant an appeal. The purpose of directing the entry of judgment in this case would be to allow the Plaintiffs to begin the process of collecting upon the adjudicated claims through supplemental proceedings. In granting partial summary judgment, the Court decided distinct claims based upon written agreements for a sum certain. The Defendants would not be prejudiced by being required to satisfy a judgment entered upon these claims, but the Plaintiff would be exposed to risk related to the potential dissipation of assets if an enforceable judgment is not entered. The Defendant's financial stability is a concern and the effects of delay may be harsh. The just economic interest of the Plaintiff in the prompt entry of a final enforceable judgment weighs in favor of certification. *See, e.g.*, *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 n.7 & 951 (7th Cir. 1980).

The Court is mindful that the remaining claims, although based on a different statute or legal doctrine, involve significant factual overlap. The conversion claim is based on the Defendants' control of the same property that is the subject of the written agreements. The breach of trust claim refers to the same auction proceeds that are the subject of the terminated claims. The concern with certifying partial final judgment of related claims is that an appellate

court would have to go over the same ground if the judgment terminating the entire case was appealed. As the Court has already mentioned, the risk of multiple appeals does not appear to be a factor in this case.

Having balanced the competing interests of the parties in the context of this case, the Court GRANTS the Plaintiff's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [ECF No. 24]. The Court finds that there is no just reason to delay the entry of final judgment in favor of the Plaintiff and against Defendant, Kruse, Inc., on Count I of the Complaint, and against Dean V. Kruse on Count III of the Complaint in the amount of $552,863.96. The judgment against Kruse, Inc., and Dean V. Kruse, consists of a principal balance of $515,054.00 in addition to pre-judgment interest from October 9, 2009, the date when the Net Auction Proceeds were due to Plaintiff pursuant to the terms of the Agreements, at a rate of 8%, or $112.67 per diem, for a total amount of prejudgment interest of $37,809.96 as of September 10, 2010. The Court also finds no just reason to delay the entry of final judgment in favor of the Plaintiff and against Dean V. Kruse on Count IV of the Complaint, in the amount of $555,431.89. The judgment against Dean V. Kruse consists of principal of $515,054.00 in addition to pre-judgment interest from January 15, 2010, the due date of the Promissory Note, at a rate of 12%, or $169.00 per diem, for a total amount of prejudgment interest of $40,377.89 as of September 10, 2010.

SO ORDERED on October 27, 2010.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT